ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
JUN 2 7 2003
Phil Lombardi, Clerk
U.S. DISTRICT COURT

DAVID WAYNE STARKEY, ) Case No. 02-CV-951-K(J)
an individual, )
) **DEFENDANTS LORENZO LAMANTIA'S AND**
Plaintiff, ) **DANIEL ANDERSON'S JOINT MOTION TO**
) **TO DISMISS PURSUANT TO FED.R.CIV. P.,**
vs. ) **RULES 9(b) and 12(b)(2), (5) and (6), AND**
) **STATUTE OF LIMITATIONS**
DAVID STRUCKMAN, et al., )
)
Defendants. )
_____ )

Defendant Lorenzo LaMantia, by and through his counsel, Louis P. Font, of the Brookline, Massachusetts law firm of Font & Glazer, and Defendant Daniel Andersen, by and through his counsel, William A. Cohan, of the San Diego, California law firm of William A. Cohan, P.C., and their local counsel, Stanley Monroe, of the Tulsa law firm of Monroe & Associates, appearing specially and not generally, hereby jointly move this Honorable Court for an order dismissing the Complaint against them in the above-captioned matter pursuant to Federal Rules of Civil Procedure, Rule 12(b)(2)(lack of jurisdiction over the person), Rule 12(b)(5)(insufficiency of service of process), Rule 12(b)(6)(failure to state a claim upon which relief can be granted) and Rule 9(b)(failure to plead fraud with particularity) and the applicable Statutes of Limitations. AS GROUNDS THEREFORE, Defendants LaMantia and Andersen state:

1.  Plaintiff Starkey ("Starkey") never served Defendant Lorenzo LaMantia ("LaMantia"), nor left the Summons and Complaint at his residence nor usual place of abode. Instead, the process server went to the residence of Karen LaMantia in Modesto, California, and gave her a copy of the Summons and Complaint. Ms. LaMantia, Mr. LaMantia's adult daughter,



2.  Ms. LaMantia-Solberg has never been authorized to accept service of process on behalf of her father. See Declaration of Lorenzo LaMantia and Declaration of Karen LaMantia attached hereto as Exhibits 1 and 2, respectively, and incorporated herein as though set forth in full.

3.  Consequently, service of process as to Defendant LaMantia is insufficient pursuant to 12 Okla.St. §2004 and Rule 4, F.R.Civ.P., which compels dismissal of the Complaint against Defendant LaMantia pursuant to Rule 12(b)(2) and (5), F.R.Civ.P.

4.  Starkey never served Defendant Daniel Andersen ("Andersen"), nor left the Summons and Complaint at his residence nor usual place of abode. Instead, Starkey's counsel, Attorney Thomas E. Kimble, sent a summons and complaint *via* certified mail, return receipt requested and delivery restricted to "Daniel Andersen, Stratia Corporation, LLC, 451 SW 10th St., Suite 106, Renton, Washington 98055." The address to which the Summons and Complaint were sent is the law office of Bruce Hawkins, Esquire, who had provided legal services to Stratia Corporation. Attorney Hawkins has never represented Andersen individually nor as a corporate officer. Neither Attorney Hawkins nor any of his staff have been authorized to accept service of process on behalf of Andersen individually, nor as a corporate officer. See Declaration of Bruce Hawkins, Esquire, attached hereto as Exhibit 3, and incorporated herein as though set forth in full.

5.  Consequently, service of process as to Defendant Andersen is insufficient pursuant to 12 Okla.St. §2004 and Rule 4, F.R.Civ.P., which compels dismissal of the Complaint against Defendant LaMantia pursuant to Rule 12(b)(2) and (5), F.R.Civ.P.

6.  All of Starkey's fraud, civil conspiracy and tort claims are barred by the Oklahoma

statutes of limitation, 12 Okl.St §95 *et seq.*, as more fully set forth in defendants' Memorandum of Points and Authorities filed simultaneously herewith.

7. Starkey failed to plead fraud with particularity in violation of the Federal Rules of Civil Procedure, Rule 9, as more fully set forth in defendants' Memorandum of Points and Authorities.

8. Starkey failed to state a claim against Andersen and LaMantia upon which relief can be granted. Additionally, Starkey's claims are barred by the doctrines of collateral estoppel, unclean hands and *in pari delicto*, as more fully set forth in defendants' Memorandum of Points and Authorities. Consequently, Rule 12(b)(6) compels dismissal of the fraud, civil conspiracy and tort claims as to Defendants LaMantia and Andersen.

9. Starkey's claims for violation of the provisions of the Securities Act of 1933 and for conspiracy to violate the provisions of the Securities Act of 1933 are barred by the federal statute of limitations, 15 U.S.C. §77m, as more fully set forth in defendants' Memorandum of Points and Authorities. Consequently, Rule 12(b)(6) compels dismissal of the claims alleging conspiracy to violate and violations of the provisions of the Securities Act of 1933.

10. Defendants LaMantia and Andersen respectfully submit that signing, filing and prosecution of the Complaint instanter violates Rule 11 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances –
>
> (1) it is not being presented for any improper purpose, such as to harass or to

cause unnecessary delay, or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and * * *

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation. * * *

11. In compliance with Rule 11(c)(1)(A), a Motion for Sanctions Pursuant to Rule 11 is being served simultaneously herewith on Texas attorney, Thomas E. Kimble, Esquire, California attorney, Jay D. Adkisson, Esquire and Oklahoma attorney Adam Scott Weintraub, Esquire.

WHEREFORE, Defendants Lorenzo LaMantia and Daniel Andersen respectfully submit that the interests of fairness, justice and judicial economy and the spirit and intent of due process, the Federal Rules of Civil Procedure and state and federal statutes of repose, can only be served if this Honorable Court enters an order dismissing the Complaint against Defendants LaMantia and Andersen with prejudice and for such other relief as this Court deems just and reasonable, including an award of reasonable attorneys' fees and costs incurred for defending and/or as a sanction for filing a frivolous Complaint without reasonable inquiry and that is not well grounded in fact and is not warranted by existing law or a good faith argument in support of changing the law.

RESPECTFULLY SUBMITTED this 24th day of June, 2003.

MONROE & ASSOCIATES

MONROE & ASSOCIATES

By: *Stanley Monroe by W A Cohan*
    STANLEY MONROE, Esquire
Okla. Bar No. 6305
Park Centre Bldg. Suite 600
525 South Main
Tulsa, Oklahoma 74103-4509
(918) 592-1144;  (918) 592-1149 (FAX)
E-mail: sdmonroe@swbell.net

Local Counsel for Defendants
LORENZO LaMANTIA and
DANIEL ANDERSEN

FONT & GLAZER

By: *Louis P. Font by W A Cohan*
    LOUIS P. FONT, Esquire
MA Bar No. 173940
62 Harvard Street, Suite 100
Brookline, MA 02445
(617) 739-2300;  (617) 739-6196 (FAX)

Attorney for Defendant
LORENZO LaMANTIA

WILLIAM A. COHAN, P.C.

By: *William A. Cohan*
    William A. Cohan, Esquire
Colo. Bar No. 7426; Calif. Bar No. 141804
8910 University Center Lane, Suite 550
San Diego, CA 92122-1026
(858) 550-9095;  (858) 550-9049 (FAX)
E-mail: bill@williamacohan.com

Attorney for Defendant
DANIEL ANDERSEN

## CERTIFICATE OF SERVICE

I hereby certify that on this 26 day of June, 2003, I did deposit in the United States mail, a true and correct copy of the foregoing DEFENDANTS LORENZO LAMANTIA'S AND DANIEL ANDERSON'S JOINT MOTION TO DISMISS PURSUANT TO FED.R.CIV.P., RULES 9(b) AND 12(b)(2), (5) AND (6), AND STATUTE OF LIMITATIONS, with sufficient first-class postage affixed thereto, addressed to the following:

Adam Scott Weintraub, Esquire
20 East 5th Street, Suite 410
Tulsa, Oklahoma 74103

Thomas E. Kimble, Esquire
424 Westview Terrace
Arlington, Texas 76013

Jay D. Adkisson, Esquire
4041 MacArthur Blvd., Suite 170
Newport Beach, California 92660

*Alicia Cisneroz*
ALICIA CISNEROZ
Legal Assistant for William A. Cohan, Esq.

06/24/03  12:50 FAX          Font and Glazer                    ☐002

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

DAVID WAYNE STARKEY,  )   Case No. 02-CV-951-K(J)
an individual,        )
                      )   **DECLARATION OF LORENZO LAMANTIA**
        Plaintiff,    )
                      )
vs.                   )
                      )
                      )
DAVID STRUCKMAN, et al, )
                      )
        Defendants    )

I, LORENZO LAMANTIA, hereby declare under penalty of perjury pursuant to 28 U.S.C. ¶1746:

1. Karen LaMantia is my daughter. She is an adult and has lived independently from me for many years. She resides in Modesto, California.

2. I have not received and do not receive mail at Karen's address.

3. I do not reside and have never resided at Karen's home. Karen's home is not my last and usual place of abode.

4. I have never authorized Karen LaMantia to accept service of process on my behalf.

I declare under penalty of perjury pursuant to 28 U.S.C. ¶1746, that the foregoing is true and correct based on personal knowledge and to the best of my information and belief.

EXECUTED THIS 23 day of June, 2003, at CALAVELAS, California

*/s/ Lorenzo LaMantia*
LORENZO LAMANTIA

06/23/03  MON  22:07  [TX/RX NO 7199]



06/24/03  12:50 FAX            Font and Glazer                              ☒003

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

DAVID WAYNE STARKEY,        )   Case No. 02-CV-951-K(J)
an individual,              )
                            )
           Plaintiff,       )
                            )
vs.                         )
                            )
                            )
DAVID STRUCKMAN, et al,     )
                            )
           Defendants.      )

### DECLARATION OF KAREN LAMANTIA

I, KAREN LAMANTIA, hereby declare under penalty of perjury pursuant to 28 U.S.C. ¶1746:

1. My father is Lorenzo LaMantia. I am an adult.

2. My father does not reside at my residence in Modesto, California and never has resided there. My address is not my father's last and usual place of abode.

3. On or about February 9, 2003 a person came to my door and delivered a package to me. I did not state to this person that my father resides in my home, because my father does not and did not reside in my home. Nor did I state that I receive mail for him because my father has not and does not receive mail here. I never said that I am my father's "Co-Resident" nor verified that in any way because that would not be accurate. I specifically told this person that my father does not live at my address.

4. My father has never authorized me to accept service of process on his behalf.

5. My name is not and has never been "Karen LaMantia Goldberg." I am known as Karen



06/21/03  SAT 21:02  [TX/RX NO 7197]

EXHIBIT 2

LaMantia-Solberg as well as Karen LaMantia.

I declare under penalty of perjury pursuant to 28 U.S.C. ¶1746, that the foregoing is true and correct based on personal knowledge and to the best of my information and belief.

EXECUTED THIS 21 day of June, 2003, at Modesto, California

                                                    KAREN LAMANTIA

06/19/2003 16:39 FAX 425 204 6030    HAWKINS ASSOCIATES
06/19/2003  04:29   858556      9           WILLIAMACUHAN                    ☒002
                                                                          PAGE 02

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID WAYNE STARKEY, an individual, | ) Case No. 02-CV-951-K(J) ) |
| Plaintiff, | ) **DECLARATION OF BRUCE HAWKINS, ESQUIRE** ) ) |
| vs. | ) ) |
| DAVID STRUCKMAN, et al., | ) ) |
| Defendants. | ) ) |

I, BRUCE HAWKINS, hereby declare under penalty of perjury pursuant to 28 U.S.C. §1746:

1. I am an attorney in good standing and licensed to practice by the Washington State Bar, Bar No. 25414. My law firm is Hawkins Law, L.L.C., located at 451 SW 10th Street, Suite 106, Renton, Washington 98055 (425) 204-2066.

2. Approximately a year ago, in or about June, 2002, my firm and I were retained by Stratia Corporation, LLC, a Nevada corporation, to provide legal services on behalf of the corporation. I do not currently represent Stratia Corporation and, as I recall, the attorney-client relationship with Statia was terminated either in March or April, 2003.

3. Daniel Andersen, is an officer of Stratia Corporation, L.L.C.

4. I and my law firm have never been retained to represent Mr. Andersen either individually nor as a corporate officer.

5. Mr. Andersen has never authorized myself, nor anyone on my staff, to accept service of process on his behalf individually nor as a corporate officer.

6. I understand that a member of my staff, Paul Hackney, signed for a certified-mail


EXHIBIT 3

envelope which was addressed to Daniel Andersen, Stratia Corporation, at our firm's address, which contained a Summons and Complaint against Mr. Andersen in his individual capacity.

I declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct based on personal knowledge and to the best of my information and belief.

EXECUTED THIS __19__ day of June, 2003, at Renton, Washington.

BRUCE HAWKINS, ESQ