In The United States District Court
For the Northern District of Oklahoma

David Wayne Starkey, et al. )
    Plaintiffs, )
     )
vs. ) Case No. 02-CV-951(K)
     )
David Struckman, et al. )
    Defendants, )

**FILED SEP 10 2004 Phil Lombardi, Clerk U.S. DISTRICT COURT**

David Struckman, IN SPECIAL APPEARACE, moves to strike pleadings submitted by putative counsel for David Wayne Starkey, titled effectively as, "motion to strike the minute order of Judge Kern and to strike Struckman's objections and notice" -- this court shall notice: counsel for Mr. Starkey not only are in breach of Federal Rules of Civil Procedure, rule 11 for reason of submitting a paper to the court with the intent of harassment and delay, Starkey's counsel's paper offends traditional ideals of substantial justice and fair play by seeking to deprive David Struckman of federally protected right of substantive due process

Brief in support

This court has actual knowledge that counsel purporting to represent David Wayne Starkey have practiced fraud to procure *in personum* jurisdiction by falsely and fraudulently claming to have perfected procedurally proper, lawful service of process on David Struckman. This court also has actual knowledge that putative counsel for David Wayne Starkey have impositioned this court in an attempt to rush this court to judgment. However defective the so-called motions of Messers Winetraub, Kimble, and Adkisson may be, all the papers submitted by the trio in re: David Struckman, are invisible to this court until such time as Winetraub, Kimble, and Adkisson complete the court's jurisdiction to hear matters in re: David Struckman. Winetraub, Kimble, and Adkisson, in an open faced attempt to impede the due course of justice, have shown contempt for this court by expecting this court to vacate it's own administrative order relative to David Struckman's special appearance objection and motion to dismiss. Winetraub, Kimble, and Adkisson also insult the integrity of this court by expecting this court to willfully collude with Winetraub, Kimble, and Adkisson to deprive David Struckman of substantive due process rights.



## Conclusion

Whereas this court shall notice that Winetraub, Kimble, and Adkisson's service is an of-record fraud – see record made "mail returned" 08/27/2004 – this court has a non-discretionary duty to dismiss this instant case for jurisdictional failings as clearly illustrated by the record. Whereas this court shall notice that Messers Winetraub, Kimble, and Adkisson have repeatedly worked frauds on this court by filing frivolous papers intended to harass, to vex, and to impose delay as well as interfere with David Struckman's substantive due process rights, at this court's discretion, this court should, *sua sponte*, sanction Adam Scott Weintraub, Thomas E Kimble, and Jay D Adkisson in a sum deemed sufficient by this court to amend the bad behavior of Weintraub, Kimble, and Adkisson.

Prepared and submitted by: _/s/ David Struckman_

David Struckman

## Certificate of service

I, David Struckman, repaining in special appearance, certify, that September ____, 2004, I mailed a true and correct copy of the above and foregoing motion to strike via United States Mail, first-class, postage prepaid, to:

Adam Scott Weintraub
20 E 5th St., Ste 410
Tulsa, OK 74103

Thomas E. Kimble
424 Westview Terr.
Arlington, TX 76013

Jay D. Adkisson
4041 MacArthur Blvd., Ste 170
Newport Beach, CA 92660

_/s/ David Struckman_

David Struckman

2